**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5105**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ISAIAH N. PRINCE,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:09-cr-00036-IMK-JSK-1)

Submitted:  June 29, 2010            Decided:  July 16, 2010

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Katy J. Cimino, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaiah N. Prince pled guilty, pursuant to a plea agreement, to one count of aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (2006). His plea agreement included a waiver of his rights to appeal or collaterally attack any sentence imposed on him that fell within the applicable statutory maximum. The district court sentenced Prince to 108 months' imprisonment, considerably less than the statutory maximum of twenty years. Prince appeals from that judgment.

Prince's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she questions the district court's sentencing procedure; however, counsel ultimately concludes that Prince has waived the right to appeal sentencing issues, and that there are no meritorious issues for appeal. Prince has filed a pro se brief, in which he challenges the credibility of one of the witnesses who testified against him at his sentencing hearing. The Government has moved to dismiss Prince's appeal as barred by the plea agreement's waiver of appellate rights.

This court reviews the validity of an appellate waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the

waiver.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary.  United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).

To determine whether a waiver is knowing and voluntarily, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).  Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid.  Wessells, 936 F.2d at 167-68.  In this case, Prince does not assert that his waiver was not voluntary.

Our review of the record discloses that Prince's appellate waiver was knowing and voluntary and should be enforced to preclude any review of potential sentencing errors, including the issues raised in counsel's Anders brief and in Prince's supplemental pro se brief.  The Government's motion to dismiss is therefore granted with respect to any challenge to Prince's sentence.  Prince's waiver does not, however, include a waiver of his right to appeal his conviction; thus, the

3

Government's motion is denied to the extent it seeks dismissal of any non-sentencing issues.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). "In reviewing the adequacy of compliance with Rule 11, this court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Prince did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Prince "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial

4

proceedings." Id. at 343 (internal quotation marks and citations omitted).

Here, neither Prince nor his counsel has raised any specific issues relating to Prince's Rule 11 colloquy, let alone shown that plain error occurred. See United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights were affected in decision to plead guilty). Moreover, our review of the record reveals that the district court substantially complied with the requirements of Rule 11 in accepting Prince's guilty plea, and that it ensured that Prince's guilty plea was knowing and voluntary and supported by a sufficient factual basis. See DeFusco, 949 F.2d at 116, 119-20. We therefore find no infirmity in the conduct of the Rule 11 proceeding.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm Prince's conviction and grant the Government's motion to dismiss any issues relating to Prince's sentence. This court requires counsel to inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation. Counsel's motion must state that

5

a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>